IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

INNOVAPORT, LLC,

            Plaintiff,                    OPINION AND ORDER

v.

                                          22-cv-425-wmc

TARGET CORPORATION,

            Defendant.

Defendant Target Corporation moves to transfer this patent infringement case to the District of Minnesota, where it is headquartered in Minneapolis, Minnesota; alternatively, it would have this court transfer the case to the Eastern District of Wisconsin, where plaintiff Innovaport, LLC, is headquartered in Mequon, Wisconsin.  In doing so, Target concedes that it is subject to personal jurisdiction here in this district, and even that venue is proper.  However, it argues that either district would be more convenient under 28 U.S.C. § 1404.  In contrast, Innovaport opposes transfer, and for the reasons discussed below, Target has not shown that the District of Minnesota or the Eastern District of Wisconsin are clearly more convenient forums.  Accordingly, this court will deny defendant's motion to transfer.

OPINION

A district court with proper venue *may* transfer a civil action to "any other district or division where it might have been brought . . . [f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  Generally, however, courts defer to plaintiff's choice of venue and do not disturb it unless the balance is strongly in

favor of transfer. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663–64 (7th Cir. 2003). Moreover, the burden rests on the moving party, here Target, to establish "that the transferee forum is *clearly* more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986) (emphasis added).[1] In deciding whether this burden has been met, courts are to consider: the convenience of the parties and the witnesses, including factors such as each party's access to the forums; the availability of non-party witnesses in the forums; the relative ease of access to evidence; and the location of material events. *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010); *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996). In addition, courts are to consider the interest of justice, by looking to the efficient administration of the court system, including factors such as (1) the likely time to trial in the respective forums and (2) judicial economy. *Rsch. Automation*, 626 F.3d at 978; *Coffey*, 796 F.2d at 220–21. This court addresses these factors below.

**A. Where the action might have been brought**

The threshold question is whether the action "might have been brought" in the proposed transferee venue, 28 U.S.C. § 1404(a), which is satisfied here because neither party argues they are not subject to personal jurisdiction in any of the three potential venues.

---

[1] Courts apply regional circuit law to transfer of venue motions in patent cases. *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

B.  **The plaintiff's choice of forum**

Importantly, the Seventh Circuit has instructed that a "plaintiff's choice of forum should rarely be disturbed." *In re Nat'l Presto Indus.*, 347 F.3d 663–64; *Chi., Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 302 (7th Cir. 1955). However, Target argues that Innovaport has no meaningful connections to this district, and its choice of forum should be afforded little weight, because the Western District of Wisconsin is not its home forum.

Even so, Madison is in the plaintiff's home state and less than 100 miles from Innovaport's principal place of business in Mequon, Wisconsin, and under similar circumstances, this court has previously found that a plaintiff's choice of forum is still entitled to deference. *See Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prod., LLC*, No. 14-CV-502-WMC, 2014 WL 6612881, at *3 (W.D. Wis. Nov. 20, 2014) (finding plaintiff's "choice of forum is still entitled to meaningful deference" where plaintiff was headquartered in the Eastern District of Wisconsin and the Madison courthouse was "within 100 miles of [plaintiff's] principal place of business").

Additionally, the cases cited by Target are inapposite because they involved plaintiffs who were not located in Wisconsin or even adjacent states. *E.g., U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752 (7th Cir. 2008) (Japanese plaintiff filing complaint in federal court in Illinois); *Ledalite Architectural Prod. v. Focal Point, L.L.C.*, No. 08-CV-394-SLC, 2008 WL 4615784, at *2 (W.D. Wis. Oct. 16, 2008) (plaintiff was a Canadian corporation with its principal place of business there). Thus, Innovaport's choice of venue is due "meaningful deference." *Kimberly-Clark*, 2014 WL 6612881, at *3.

### C. The convenience of the parties and witnesses

#### 1. The convenience of the parties

Innovaport and Target are each based in districts adjacent to the Western District of Wisconsin, making this district a natural comprise between the two parties' home bases. Moreover, Innovaport has identified one witness located in Milwaukee, near its principal place of business, while Target's principal place of business is in Minneapolis, less than 270 miles from Madison.

Nevertheless, Target argues that transferring this case to the District of Minnesota or the Eastern District of Wisconsin would be more convenient than keeping it in the Western District of Wisconsin. More accurately, a transfer would be more convenient to *one* of the parties and less so for the other. Moreover, this court has previously discounted the significance of relatively short travel-time and distance between venues. *See Ledalite Architectural Prods.*, 2008 WL 4615784, at *3 (finding the inconvenience of "such a short travel" for corporate witnesses of "the approximately 140–mile ride to Madison from Chicago is not a huge difference in the context of a patent infringement suit"); *Leggett & Platt, Inc. v. Lozier, Inc.*, No. 04-C-0932-C, 2005 WL 1168360, at *2 (W.D. Wis. May 17, 2005) (where the transferee district did not contain all the sources of proof, it "call[ed] into question the convenience of transferring the case" there).

Tellingly, Target again cites as support for transfer cases involving plaintiffs far away from Wisconsin. *E.g.*, *Guardian Media Techs., Ltd. v. Mustek Sys., Inc.*, 440 F. Supp. 2d 937, 938 (W.D. Wis. 2006) (plaintiff "conduct[ed] no business in Wisconsin," and had its principal place of business in Texas); *Hunts Point v. Rsch. in Motion, Ltd.*, 12-cv-307-wmc,

Dkt. No. 43, slip op. at 1, 2, 6 (plaintiff was incorporated in Washington with its principal place of business in Seattle; its principal officers and inventors were in either Washington or Oregon; and it had no employees or any relevant books or records in Wisconsin); *Carson v. Flexible Foam Prod., Inc.*, No. 08-CV-095-BBC, 2008 WL 1901727, at *1 (W.D. Wis. Apr. 23, 2008) (plaintiffs in California and Texas).

Thus, the convenience of the parties also weighs against transfer to either the District of Minnesota or the Eastern District of Wisconsin.

### 2. The convenience of the non-party witnesses

In fairness, Target does name seven "potential fact witnesses" who are former Target employees in the Minneapolis area. (Dkt. # 14 at 3, 7.) Target also alleges that an "unknown number of knowledgeable witnesses" work in the Western District of Washington, Seattle area, at Point Inside, which Target engaged for the initial development of the accused technology. (*Id.* at 8.) Target argues that transferring to the District of Minnesota will be more convenient for these non-party witnesses *and* will allow for subpoena to compel them to attend trial. Of course, Target does not suggest that this factor favors transfer to the Eastern District of Wisconsin, since Innovaport identifies *no* non-party witnesses it intends to call from its home district.

Of course, it may be more convenient for non-party, Minneapolis witnesses to attend a trial in Minnesota than in Madison, but on balance, the convenience of the non-party witnesses only weighs slightly in favor of transfer to the District of Minnesota. First, the availability to subpoena Minneapolis witnesses is not particularly compelling because Target has failed to show that any Minneapolis witnesses are unwilling to testify or why

5

video deposition testimony would be unacceptable. *Cf. Essociate, Inc. v. Neverblue Media, Inc.*, No. 11-CV-714-WMC, 2012 WL 12874984, at *3 (W.D. Wis. Oct. 2, 2012) (noting "depositions as opposed to live testimony tend to be satisfactory in addressing technical patent issues," but finding live testimony is warranted where case-specific "allegations of 'willful and deliberate' infringement . . . require certain credibility determinations"). Thus, this court has routinely discounted non-party testimony as a transfer factor when there is no demonstration that any witness refuses to appear voluntarily or that a recorded deposition would not suffice. *E.g., Cree, Inc. v. Honeywell Int'l, Inc.*, No. 14-CV-737-WMC, 2015 WL 1326414, at *3 (W.D. Wis. Mar. 25, 2015); *Sentry Select Ins. Co. v. McCoy Corp.*, 980 F. Supp. 2d 1072, 1078 (W.D. Wis. 2013); *Spansion LLC v. Samsung Elecs. Co.*, No. 10-CV-453-WMC, 2011 WL 13209941, at *5 (W.D. Wis. May 24, 2011); *Milwaukee Elec. Tool Corp. v. Black & Decker (N.A.), Inc.*, 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005).[2]

Second, the fact that Point Inside witnesses are located outside of *any* proposed district calls into question the convenience of transferring this case, particularly since this

---

[2] Target points out that certain Federal Circuit decisions have presumed unwillingness "when there is no indication that a non-party witness is willing." (Dkt. # 24 at 3 (quoting *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *4 (Fed. Cir. Aug. 2, 2021)).) Target cites no authority for this presumption to apply under Seventh Circuit law, which generally controls for procedural issues. *E.g., Hunts Point Ventures, Inc. v. Epson Am., Inc.*, No. 11-CV-828-WMC, 2012 WL 13042523, at *2 (W.D. Wis. Nov. 27, 2012). Similarly, Target has failed to show why any of these non-party witnesses are so crucial that their testimony by video deposition or live conferencing would not suffice. If this court would presume unwillingness, it strains credulity that the most fulsome witness list for a Minneapolis trial that Target could provide to this court for the purposes of this transfer motion is a witness list entailing seven, subpoenaed former employees, but no current employees. Furthermore, Target's motion to transfer the case for these witnesses' convenience lacks credibility, as it seems to reflect non-necessary witnesses, selected to manipulate venue. Finally, even if the witnesses identified in Minneapolis were indeed necessary for the case and unwilling to appear, Target's alternative motion to transfer to the Eastern District of Wisconsin would be non-sensical, as it precludes any of Target's proposed and putatively important witnesses from being compelled to testify.

appears important as Point Inside allegedly developed the accused technology. (*See* dkt. # 14 at 8.) While Target also argues that the travel time from Seattle to Minneapolis is materially different than travel time from Seattle to Madison, this court is less than 270 miles from Minneapolis, making the travel-time difference relatively immaterial even considering the need for a transfer flight that run regularly between Minneapolis and Madison. *See Spansion*, 2011 WL 13209941, at *5 ("Flights regularly arrive in Wisconsin from" other states and countries, and "any additional travel time [compared to other forums] would not be so great as to impose a large burden or inconvenience on the witnesses").

Third, the information the Minneapolis witnesses are said to possess is vague and sparse, and for six of seven witnesses, the same twelve-word boilerplate for each witness is used: "knowledge relevant to the implementation and technical integration of the accused technology." (Dkt. # 17, ¶¶ 6–11.) Without more specific information, this court cannot infer that this factor weighs heavily in favor of transfer. *Leggett & Platt*, 2005 WL 1168360, at *2. On the contrary, most of these witnesses appear to lack unique knowledge, as six of them share three pairs of identical job descriptions (*see* dkt. # 17, ¶¶ 6–7, 8–9, 10–11). *See Spansion*, 2011 WL 13209941, at *5 (finding defendants "ha[d] not met their burden of demonstrating that compulsory process would be required or that a deposition would not be sufficient" when employee did not "ha[ve] any unique testimony"). At most, then, these non-party, Minneapolis witnesses weigh only slightly in favor of transfer to the District of Minnesota.

### 3. Location of evidence and material events

Another factor under § 1404 is the location of evidence and material events. *Leggett & Platt*, 2005 WL 1168360, at *1; *Cree*, 2015 WL 1326414, at *3. Since "the bulk of the relevant evidence usually comes from the accused infringer," *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020), Target argues that, as the accused, its evidence located in Minnesota weighs in favor of transfer. In the alternative, Target argues that Innovaport's "probable" sources of proof favor transfer to the Eastern District of Wisconsin. (Dkt. # 24 at 1.) However, this court, as well as the Seventh Circuit, recognize that technological advancements have all but eliminated the importance of the location of documents and other sources of proof in a § 1404(a) transfer analysis, unless the documents are not easily transferable. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000); *Spansion*, 2011 WL 13209941, at *4. Here, Target concedes its documents are electronically accessible and fails to identify any physical evidence only available in Minnesota or, for that matter, only in the Eastern District of Wisconsin. (*E.g.*, dkt. # 17, ¶¶ 13–14.)

Target also asserts the relevant events took place in Minneapolis, (dkt. # 14 at 1), but does not indicate *what* events those are. Instead, as noted, Target has admitted that development of the accused technology was contracted out to Seattle-based Point Inside, (dkt. # 14 at 4, 8; dkt. # 17, ¶ 15), suggesting that a significant amount of the events constituting the alleged infringement occurred *outside* of Minnesota or Wisconsin. Thus, based on the facts alleged by Target, neither the location of evidence or material events weigh strongly in favor of transfer to either the District of Minnesota or the Eastern District

of Wisconsin.

### D. The interest of justice

The interest of justice is a separate component of the § 1404(a) transfer analysis. *Coffey*, 796 F.2d at 220–21. Here, Target argues the interests of justice weigh in favor of transfer to the Eastern District of Wisconsin because efficiency gains through consolidation with a related Innovaport case in that district may be possible. However, Innovaport argues the interests of justice weigh against transfer because of the docket congestion of the potential venues. Given its prominence as plaintiff in choosing the forum, this court has difficulty giving much weight to supposed efficiencies by defendant that plaintiff obviously does not value.

#### 1. Time to trial

This court focuses on the median time to trial more than the number of cases pending per judge because the Seventh Circuit has held that "[t]o the extent that court congestion matters, what is important is the speed with which a case can come to trial and be resolved." *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 710 (7th Cir. 2020) (alteration in original) (quoting *In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 484 F.3d 951, 958 (7th Cir. 2007)); *see also In re Apple*, 979 F.3d at 1343. Using that metric for the period 2017–2022, this district actually had a faster time to trial than either of the two, proposed alternative districts, as shown in the following chart:

9

**Median Time (Months) From Filing to Trial (Civil Only)**[3]

|  | 12-Month Periods Ending | | | | | |
|---|---|---|---|---|---|---|
|  | June 30 2017 | June 30 2018 | June 30 2019 | June 30 2020 | June 30 2021 | June 30 2022 |
| W.D. Wis. | 22.0 | 20.5 | 24.1 | 24.3 | - | 24.1 |
| D. Minn. | 36.6 | 32.4 | 24.9 | - | - | 39.6 |
| E.D. Wis. | 33.7 | 35.6 | 25.4 | 31.5 | - | 47.7 |

Moreover, as Innovaport points out, this case is scheduled to go to trial March 11, 2024. Target asks this court to discount the time to trial as not a strong consideration because Innovaport does not practice its inventions. However, the Seventh Circuit has instructed that "courts look to factors including . . . likely speed to trial." *Rsch. Automation*, 626 F.3d at 978 (citing *Chi., Rock Island & Pac. R.R.*, 220 F.2d at 303); *see also Kimberly-Clark*, 2014 WL 6612881, at *5 ("[S]wift resolution can be particularly important in patent cases because delay might frustrate a patent holder's rights and the value of its patent."). Thus, the time to trial factor weighs against any transfer from this district.

2. **Judicial economy**

This court considers consolidation of cases as part of judicial economy in transfer analysis. *See Van Dusen v. Barrack*, 376 U.S. 612, 644 (1964) (consolidation can be beneficial for "uniformity of result"); *Coffey*, 796 F.2d at 221 ("related litigation should be transferred to a forum where consolidation is feasible"); *Essociate*, 2012 WL 12874984, at *4 ("familiarity with the patent and technology, likely sav[es] judicial time and resources").

---

[3] These statistics are from Innovaport's filing in opposition to transfer and are not disputed by Target. (*See* dkt. # 20-1.)

As noted, Target argues that in the Eastern District of Wisconsin, consolidation would be possible because a pending case involving the same patents-in-suit and similar, accused technology is currently progressing. *See Innovaport LLC v. IKEA N. Am. Servs. LLC*, 2:21-cv-00789-BHL (E.D. Wis.) (filed 06/25/2021) (alleging infringement of five of the patents asserted here).[4] Plus, Target points out in its motion that the Eastern District of Wisconsin "*IKEA* case already has a case schedule." (Dkt. # 14 at 9.)

However, Target has failed to provide anything beyond speculation that the instant case would be consolidated with the case against IKEA in the Eastern District of Wisconsin. Additionally, the scheduling order in the *IKEA* case only provides deadlines up to the parties' responses to the parties' claim construction briefs on June 30, 2023. *Innovaport v. IKEA*, 2:21-cv-00789-BHL, Dkt. No. 31 at 1 (E.D. Wis. Sept. 8, 2022). By contrast, jury selection and trial are set in this case for March 11, 2024. (*See* dkt. # 18.) Moreover, the undersigned judge presided over *Innovaport v. Lowe's* (now closed), another Innovaport case involving the same patents that entailed a substantive ruling. *See Innovaport LLC v. Lowe's Home Ctrs., LLC*, 3:21-cv-00418-wmc (W.D. Wis.) (filed 06/25/2021) (alleging infringement of four of the patents asserted here) (terminated: 07/11/2022); *see id.*, 2022 WL 1078548 (W.D. Wis. Apr. 11, 2022) (denying a motion to dismiss based upon patent eligibility under 35 U.S.C. § 101). Further, Innovaport has filed three more cases involving the same patents in this district, which have been assigned to the undersigned. *Innovaport LLC v. Best Buy Co.*, 3:23-cv-00016-wmc (W.D. Wis.) (filed 01/06/23); *Innovaport LLC v.*

---

[4] Target does not argue that consolidation is possible or weighs in favor of transfer to the District of Minnesota, as that district has no related cases.

*Home Depot, Inc.*, 3:23-cv-00225-wmc (W.D. Wis.) (filed 04/11/23); *Innovaport LLC v. Staples, Inc.*, 3:23-cv-00227-wmc (W.D. Wis.) (filed 04/12/23). Thus, both this district and the Eastern District of Wisconsin have familiarity with the patents and technology at issue in this suit, and arguably greater efficiencies will occur by keeping this case in this district, which may explain plaintiff's reason for preferring this court over the Eastern District of Wisconsin in its choice of forum.

In the end, 28 U.S.C. § 1404 "does not provide rigid rules for weighing these factors against each other." *Leggett & Platt*, 2005 WL 1168360, at *1 (citing *Van Dusen*, 376 U.S. at 622). Courts are to make an individualized, case-by-case determination of convenience and fairness, considering all of the relevant facts and circumstances of the case. *See id.* Here, this court simply finds that Target has not shown the District of Minnesota or the Eastern District of Wisconsin to be "clearly more convenient" than the present forum. *Coffey*, 796 F.2d at 219–20.

ORDER

IT IS ORDERED that Defendant Target Corporation's motion to transfer (dkt. # 14) is DENIED.

Dated this 26th day of June, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge